11 GAUDIN, Judge.
This is an appeal by Geneva B. Ross from a district court judgment maintaining an exception of no cause of action against her employer, Property Plus, Inc., d/b/a Prudential Louisiana Properties. Ms. Ross had inhaled chemical fumes from a so-called defender spray that had been stored in the filing cabinet of a fellow employee and allegedly exploded.
We affirm, finding no reversible error in the trial judge’s determinations that the incident was not foreseeable and that the employer had not breached any duty owed to Ms. Ross.
On appeal, Ms. Ross argues that the trial judge was wrong and that she, at trial, could prove that (1) the conduct in question was the cause-in-fact of the resulting harm, (2) the defendant owed a duty of care to plaintiff, (3) the requisite duty was breached by the defendant and (4) the risk of harm was within the scope of protection afforded by the duty breached. Ms. Ross cites Stroik v. Ponseti, 699 So.2d 1072 (La.1997).
On the day of the accident, Ms. Ross was summoned by Dottie Anderson to investigate an odor coming from the area around her (Ms. ^Anderson’s) secretarial desk. Ms. Ross immediately became lightheaded, left the room and was later taken to the Kenner Regional Medical Center by ambulance.
The fire department was called. The source of the odor was a discharged spray can in Ms. Anderson’s filing cabinet.
Prudential Louisiana Properties had encouraged its employees and real estate agents to purchase defender sprays for obvious protective reasons. There are no allegations in any of Ms. Ross’ pleadings that Ms. Anderson triggered the emission of the chemical fumes by carelessly throwing files on the spray can but Ms. Ross makes this argument in her brief. Nonetheless, fumes were released.
At the hearing on the exception of no cause of action, this colloquy took place between the trial judge and defense attorney:
THE COURT:
Okay, Counsel, I’ve looked at this and it’s always difficult for me to grant summary judgments. For the life of me, I can’t find any way for a company who— who thinks that they’re acting in the best interest of their employees to provide them with some sort of protection against outside sources. And certainly a real estate agent should be concerned about going into places unprotected. I can’t see where a company trying to protect their employees, putting something in a file cabinet that does not provide access to anyone else can be liable, can be foreseeable that this was going to cause injury instead of helping | asomeone.
MS. LOALAN:
To me, they should have monitored the storage of the -
THE COURT:
How do you do that? Do you look in there and say: Yeah, it’s still there.
MS. LOALAN:
*161 Or they should put it in some place where nothing would have been thrown on it.
THE COURT:
But, again, there’s no allegation that that’s what caused this. If it was a defective can of pepper spray and it exploded, it seems to me your action may be against the manufacturer of the product but not against the company that’s trying to protect their employees. So I’m going to grant the exception. I’ll note your objection for the record.
The duty owed to Ms. Ross by her employer is one of reasonableness under the totality of circumstances. See Stroik v. Ponseti supra, at page 1077. In determining reasonableness, the court must balance the probability of harm and the magnitude of the risk against the utility of the thing. Here, under any test or guideline, the pleadings do not show that Ms. Ross’ employer negligently breached any duty owed her. The allegations are too general and indistinct.
|4Ms. Ross has also named as a defendant the Texas company that manufactured the “Defender Plus” spray. The validity of this negligence claim under the state’s long arm statute, LSA-R.S.13:3201, is, not now before this Court.
AFFIRMED.